# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JEROLD E. FENNER,
       Appellant,

       v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
       Agency.

DOCKET NUMBER
SF-0752-17-0214-I-1

DATE: December 16, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Jerold E. Fenner, Danville, California, pro se.

Jacob Richards, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his mixed-case removal appeal as premature. For the reasons discussed below, we VACATE the initial decision and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      Effective December 19, 2016, the agency removed the appellant from his Public Health Advisor position for medical inability to perform the essential duties of his position.  Initial Appeal File (IAF), Tab 1 at 8-10.  On January 3, 2017, the appellant filed a formal complaint of discrimination with the agency.[2] IAF, Tab 8 at 15-19.  On January 17, 2017, he appealed his removal to the Board. IAF, Tab 1.   The agency moved to dismiss the appeal, asserting that the appellant's formal equal employment opportunity (EEO) complaint included a claim that his removal constituted disability discrimination and, thus, the appellant had made a binding election to pursue his removal through the EEO process.  IAF, Tab 9.  In response to the agency's motion to dismiss, the appellant maintained that his EEO complaint only included his proposed removal, not the removal decision.  IAF, Tab 10.  On March 13, 2017, four days after the agency filed its motion to dismiss, the appellant contacted the agency's EEO office to clarify that he intended for his EEO complaint to include only his proposed removal, not his removal.  IAF, Tab 10 at 6; Petition for Review (PFR) File, Tab 3 at 11.  On March 28, 2017, the agency's EEO office issued a notice of accepted claims, which did not include his removal.  PFR File, Tab 3 at 14-15.

¶3      The administrative judge issued an initial decision, finding that the language in the EEO complaint reflected that it encompassed the appellant's removal, not just his proposed removal.  IAF, Tab 16, Initial Decision (ID) at 2. Consequently, he dismissed the appeal as premature because the agency had not yet issued a final decision and 120 days had not yet elapsed from the date the appellant filed his formal complaint of discrimination.  ID at 3.

¶4      The appellant has filed a petition for review in which he reiterates his argument below that his EEO complaint did not encompass his December 19, 2016 removal.  PFR File, Tab 1 at 2.  The agency has opposed the appellant's

---

[2] The appellant's formal complaint is not signed or dated but is date stamped as received by the agency on January 3, 2017.  IAF, Tab 8 at 15-19.

petition and argues that he elected to pursue his removal through the EEO process and the Board lacks jurisdiction because the appellant withdrew his removal claim prior to exhausting the EEO process.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      An individual who has been subjected to an action appealable to the Board and believes that action was based on discrimination may either file a timely formal discrimination complaint with the agency regarding the action or file an appeal with the Board within 30 days of the appealable action, but not both.  *Lott v. Department of the Army*, 82 M.S.P.R. 666, ¶ 6 (1999); 5 C.F.R. § 1201.154(a).  Under 5 C.F.R. § 1201.154(b)(1) and (2), if the employee first files a formal complaint with the agency, he then must file a Board appeal within 30 days after he receives the agency resolution or final decision on the discrimination issue, or, if the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, he may appeal the matter directly to the Board at any time after the expiration of 120 days.  *Lott*, 82 M.S.P.R. 666, ¶ 6.  An appellant cannot file both an EEO complaint with the agency and an appeal with the Board based on the same subject matter, and whichever is filed first is considered an election to proceed in that forum.  29 C.F.R. § 1614.302(b); *see Wolfe v. Department of the Army*, 77 M.S.P.R. 175, 179 n.1 (1998); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 341 (1995).

¶6      In analyzing what agency actions are encompassed in an appellant's EEO complaint, the Board looks to the complaint, the agency's treatment of and processing of the claim, and the surrounding circumstances.  *Gray v. U.S. Postal Service*, 93 M.S.P.R. 161, ¶ 11 (2002).  Here, the appellant appears to have filed an EEO complaint on January 3, 2017, in which he used the words "removal" and "terminated" in reference to the agency's alleged discriminatory acts as well as noted that the date of the most recent act of alleged discrimination was

December 19, 2016, the effective date of his removal. IAF, Tab 8 at 15-17. However, this complaint was neither signed by the appellant nor dated. *Id.* at 18.

¶7        Regarding the agency's treatment and processing of the complaint, the record does not include any agency correspondence related to the appellant's accepted claims before he filed his Board appeal or before March 13, 2017, when he contacted the agency to clarify that his EEO complaint did not include his removal. Rather, it appears that as of March 9, 2017, the agency had not taken any action to accept the appellant's complaint, but rather was in the process of reviewing the complaint to determine whether the agency would conduct an investigation. *Id.* at 21. It was not until March 28, 2017, after the appellant had filed his Board appeal, that the agency issued a notice accepting his claims. PFR File, Tab 3 at 11-18. This notice did not include the appellant's removal as an accepted claim, and the agency processed his complaint as a nonmixed complaint. *Id.* at 14-15. Nor does the notice reference that the appellant withdrew any prior removal claim.

¶8        Under the particular facts of this case, we find that the appellant's EEO complaint did not encompass his removal and thus, he did not make an informed election to challenge his removal under the agency's EEO process.[3] *Cf. Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶¶ 14-17 (2009) (finding that the appellant elected to challenge her removal via the agency's EEO process when she filed her EEO complaint, amended it to include her removal, and the agency accepted her complaint, all before she filed her Board appeal). Consequently, we find that the appellant timely filed a Board appeal within 30 days of the effective date of his removal on December 19, 2016. *See* 5 C.F.R. § 1201.154(a).

---

[3] In light of our determination that the appellant did not elect to challenge his removal through the agency's EEO process, we need not address the agency's argument that the Board lacks jurisdiction because he withdrew his removal as a claim via his March 13, 2017 communications with the agency's EEO office. PFR File, Tab 3 at 8-9.

## **ORDER**

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[4]


FOR THE BOARD:                        <u>      /s/ for                    </u>
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.

---

[4] The remand initial decision will incorporate the findings from this Order and include a notice of appeal rights for all claims raised by the appellant.